UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GOR,

                Plaintiff,

         -against-

UNIVERSAL FIDELITY LP,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-1474 (AMD) (SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 13 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY, United States District Judge:**

On March 9, 2018, the plaintiff commenced this action, on behalf of himself and all others similarly situated, alleging that the defendant violated Sections 1692g and 1692e of the Fair Debt Collection Practices Act (FDCPA) by sending him a collection notice that did not clearly and explicitly name the creditor to whom the plaintiff owed a debt. (ECF No. 1.) On June 7, 2018, the defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12-1.) On July 12, 2018, the plaintiff opposed the motion, and on February 7, 2019, the Court heard oral argument. (ECF No. 14.) For the following reasons, the defendant's motion is granted and the complaint is dismissed.

## BACKGROUND

On January 3, 2018, the defendant sent the plaintiff a debt collection letter with a large caption in capital letters: "COLLECTION AGENCY NOTIFICATION." (ECF No. 1-3.) A box entitled "Account Summary" appears in three places in the letter and includes a line that reads, "Re: Bradford Authenticated." (*Id.*) This "Account Summary" box appears in the letter's top right corner, and on the front and back of the detachable portion of the bottom of the letter. (*Id.*)

1

Above the salutation is a line that reads "Product Purchased: Brady." (*Id.*) The body of the letter reads in pertinent part:

> The debt you owe to the above-referenced client has been placed with Universal Fidelity LP, a national collection agency, because of our experience in collecting outstanding accounts just like yours.
>
> We have been advised by our client that you have an amount due of $54.90. We want to work with you to remedy this delinquent account.
>
> Universal Fidelity LP offers payment options in order to satisfy this debt.

(*Id.*)

The plaintiff concedes that he incurred a debt; at oral argument counsel explained that "Product Purchased: Brady" referred to a Tom Brady commemorative coin that the plaintiff bought from Bradford Authenticated, the name mentioned at three places in the collection letter. The plaintiff also concedes that he knew that the letter was sent by a collection agency. He argues, however, that the "least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed" because the collection letter does not clearly identify the name of the creditor that sent the plaintiff's account to Universal Fidelity. (ECF No. 1 ¶¶ 28-43.)

The defendant moves to dismiss the complaint for failure to state a claim, arguing that the letter is not confusing because the "Re: Bradford Authenticated" language appears in three different places on the letter and that the least sophisticated consumer could easily identify Bradford Authenticated as the creditor to whom the debt was owed. (ECF No. 12-1 at 10-11.)

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738

F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Although the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The FDCPA was enacted "to protect consumers from deceptive or harassing actions" by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Circ. 2002). To that end, section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692g(a) requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing" among other details, "the name of the creditor to whom the debt is owed." 15 U.S.C. 1692g(a).

A court reviews a debt collection letter for compliance with the FDCPA from the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). This standard requires "an objective analysis that seeks to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations omitted). "[I]n crafting a norm that protects the naïve... the courts have carefully preserved the concept of

reasonableness," and may assume that "even the least sophisticated consumer… possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.*, 412 F.3d at 363 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)). In conducting its review, the court does not isolate words or phrases, but considers the letter "as a whole." *Schlesinger v. Jzanus Ltd.*, No. 17-CV-3648, 2018 WL 2376302, at *2 (E.D.N.Y. May 24, 2018) (quoting *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002)) (dismissing claims under Sections 1692g and 1692e).

The collection letter at issue here, when read in its entirety, satisfies the FDCPA and adequately names the current creditor. The letter explains that the defendant is a collection agency collecting a debt on behalf of the "above-referenced client;" that client is named in the account summary box above the body of the letter: "Re: Bradford Authenticated," as well as in the two account summary boxes in the detachable portion of the letter. (ECF No. 1-3.) The plaintiff argues, however, that the least sophisticated consumer might not understand that Bradford Authenticated was the creditor because the line in the account summary box does not also say "client" or "creditor." But the law does not require debt collectors to use "'magic words' to avoid liability." *Taubenfliegel v. Miller & Milone, P.C.*, No. 18-CV-1884, 2018 WL 6605856, at *2 (E.D.N.Y. Dec. 17, 2018); *see also Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-CV-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014); *Talyor v. MRS BPO, LLC*, No. 2:17-CV-01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (holding that "magic words" or specific phrases are not required to satisfy Section 1692e: "Indeed, such a rule is likely precluded by the least sophisticated consumer standard, which requires courts to view collection correspondence 'as a whole.'" (internal citations omitted)).

4

Nor is there another reasonable interpretation of the letter. *See Talyor*, 2017 WL 2861785, at *3 ("Finally, plaintiff has failed to provide a reasonable but inaccurate interpretation of the letter."). The hypothetical least sophisticated consumer, who is presumed to be able to read and interpret the letter, would see the conspicuous "Account Summary" box that references Bradford Authenticated, and recognize the retailer who sold him a product.[1] *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("The hypothetical least sophisticated consumer ... is neither irrational nor a dolt."); *Schlesinger*, 2018 WL 2376302, at *3 ("Given the multiple explicit references to each medical-provider creditor and the abundant context clues, defendant has satisfied its obligation under § 1692g(a)(2) to provide the 'name of the creditor to whom the debt is owed' in these letters.").

The plaintiff posits that even though the letter cites the "above-referenced client" and includes a box above the body of the letter with the line "Re: Bradford Authenticated," the least sophisticated consumer might nevertheless wonder if some other entity was really the creditor. At oral argument, counsel hypothesized that the consumer might think that the debt had been transferred to a different owner. But that is not a reasonable interpretation of the letter. Moreover, it is difficult to imagine that a truly unsophisticated consumer would contemplate the scenario that the plaintiff suggests. The unsophisticated consumer would doubtless read this

---

[1] At oral argument, the plaintiff seemed to abandon the argument that the placement of "Product Purchased: Brady" above the body of the letter could be confusing because the letter says, "The debt you owe to the above-referenced client." To the extent that the plaintiff did not abandon the argument, I find it unpersuasive. No rational consumer would think that the name next to "product purchased" was actually the "client." It would be equally irrational for the consumer to ignore the "Account Summary" box that appears twice on the front and once on the back of the letter. *See Ellis*, 591 F.3d at 135; *Wright*, 2014 WL 4471396, at *5; *Talyor*, 2017 WL 2861785, at *3.

letter and conclude the obvious: that the above-referenced client was in fact the client referenced above — Bradford Authenticated.

The inclusion of the language "the above-referenced client" distinguishes this letter from those at issue in *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) and *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-CV-4356, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016), where the courts held that including "Re" before the creditor's name, without more, did not adequately identify the creditor. As the courts explained in those cases, the letters did not specify that the creditor was the debt collector's client. *See Datiz*, 2016 WL 4148330, at *11; *McGinty*, 2016 WL 6069180, at *4 ("As the least sophisticated consumer, reading the Collection Letters in their entirety, may be unable to deduce that the Medical Providers are Plaintiffs' current creditors, the Collection Letters fail to satisfy 15 U.S.C. § 1692g(a)(2)."). The letters in those cases, unlike the letter at issue here, did not clarify the relationship between the collection agency and the current creditor, nor did the letters identify the entity that the debtors should pay to satisfy the debts; thus, the requirements of Section 1692g(a) were not met. *See, Datiz*, 2016 WL 4148330, at *11 ("The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed… particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital."); *McGinty*, 2016 WL 6069180, at *4 ("Unlike *Wright*, the Collection Letters do not support an inference that the Medical Providers are Plaintiffs' current creditors because they neither identify the Medical Providers as PCB's clients, nor state that PCB is collecting the debts on their behalf.").

The letter in this case, read in its entirety, is clear about the relationship between the defendant collection agency and the current creditor, and provides a way for the debtor to satisfy his debt. (*See* ECF No. 1-3 ("We have been advised by our client that you have an amount due of $54.90... Universal Fidelity LP offers payment options in order to satisfy this debt.")) Thus, the appropriate analogy is to *Schlesinger, Talyor,* and *Wright*, where the courts held that the letters, read as a whole, identified the current creditors even though they did not do so explicitly. *See Schlesinger*, 2018 WL 2376302, at *2 (boxed text "Client:" appeared in three places in letter and body of letter said "Your account has been placed with us for collection or debt resolution."); *Talyor*, 2017 WL 2861785 at *1-3 (boxed text on top right of letter included "Re: Chase Bank USA N.A." and body of letter said "When you call please let our representative know that you have received the Chase Bank USA N.A. Option Letter.") *Wright*, 2014 WL 4471396, at *5 (letter labeled current creditor "Client" and body of letter said "Your account has been referred to our office for collection on behalf of our above-referenced client.").

Because the defendant's letter clearly identifies the name of the creditor to whom the debt is owed, and is neither misleading or deceptive, the plaintiff fails to state a claim pursuant to Section 1692e. *See Wright*, 2014 WL 4471396, at *5.

## CONCLUSION

The defendant's motion to dismiss is granted. The complaint is dismissed for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 13, 2019